MEMORANDUM **
St. Joseph Hospital (StJoseph) appeals from the final judgment of the district court denying its petition for judicial review of the Provider Reimbursement Review Board’s (PRRB) final decision in favor of the Secretary of the Department of Health and Human Services (Secretary). We affirm the decision of the district court that the Secretary’s determination to deny St. Joseph’s request for an exception to its prospective reimbursement rate was neither arbitrary nor capricious and was supported by substantial evidence. See 5 U.S.C. § 706(2).
To qualify for an exception to its prospective payment rate based on “[ajtypical service intensity,” see 42 C.F.R. §§ 413.182(a), 413.184(a) (2001), St. Joseph was required, among other things, to *58 “[sjubmit documentation on costs of nursing personnel ... showing — (A) Amount each employee was paid; (B) Number of personnel; (C) Amount of time spent in the dialysis unit; and (D) Staff-to-patient ratio based on total hours, with an analysis of productive and nonproductive hours.” Id. § 413.184(b)(2)(i). In its recommendation that the Centers for Medicare and Medicaid Services (CMS) deny St. Joseph’s exception request, the fiscal intermediary relied on defects in St. Joseph’s documentation, including the fact that St. Joseph “failed to provide a breakdown of what each employee was paid,” and that St. Joseph was “unable to submit any new information” because the deadline for such submissions had passed. In accepting the recommendation of the fiscal intermediary and denying St. Joseph’s exception request, the CMS also relied on defects in St. Joseph’s documentation, noting “conflicting patient data information and inappropriate nursing staff time studies used to support its additional nursing staff time.”
In affirming the CMS’s denial of St. Joseph’s request, the PRRB relied, among other things, on the deficiencies in St. Joseph’s documentation. St. Joseph was aware of these asserted faults in its exception request as evidenced by its concession at the PRRB hearing that it failed to specify, in accordance with § 413.184(b)(2)(i), the amount that each nursing employee was paid. The PRRB concluded that St. Joseph’s failure “to submit the requisite nursing personnel cost documentation pursuant to 42 C.F.R. § 413.184(b)(2)(i)” prevented it from qualifying “for an exception.” As such, the PRRB’s decision to deny St. Joseph’s exception request on this ground was supported by substantial evidence, and its refusal to infer or derive the required information from other data submitted by St. Joseph was neither arbitrary nor capricious. See § 706(2); 42 C.F.R. §§ 413.180(f)-(g), ©, 413.184(b)(2)® (2001) (regulations conditioning eligibility for exception request on submission of specified documentation).
St. Joseph argues that it was not provided with adequate notice that its documentation was at issue and was thereby deprived of its due process rights. Because the record belies the factual predicate for this argument, we reject St. Joseph’s contention. Moreover, the regulations clearly establish the duty of an applicant for an exception request to provide specific documentary information, including “documentation on costs of nursing personnel ... showing ... [the][a]mount each employee was paid,” § 413.184(b)(2)(i)(A); see also id. § 413.180(f)~(g), ©.
Because the decision of the PRRB was sufficiently grounded, we do not reach the other bases for rejecting St. Joseph’s appeal identified by the district court and the PRRB.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.